**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 15, 2013

No. 12-60404
Summary Calendar

Lyle W. Cayce
Clerk

EDUARDO JOSE OCAMPO-BERLIOZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 216 426

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Honduran citizen Eduardo Jose Ocampo-Berlioz petitions for review of the order of the Board of Immigration Appeals (BIA) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Ocampo-Berlioz's mother, Santa Berlioz, was engaged in a dispute with her former business associates in Honduras. He argues that Berlioz's opposition to official corruption is a political opinion and that any harm inflicted on him by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Berlioz's former business associates necessarily would be inflicted on account of her political opinion.  He further contends that the BIA's finding that Berlioz's former associates were not motivated to harm Ocampo-Berlioz based on his imputed political opinion is not supported by substantial evidence.

The evidence supports the BIA's finding that Berlioz's associates would not be motivated against Ocampo-Berlioz by her anticorruption political views.  *See Silwany-Rodriguez v. INS*, 975 F.2d 1157, 1160 (5th Cir. 1992).  Because the evidence supports the finding that any retaliatory actions against Ocampo-Berlioz would not be motivated by animus towards a political opinion, Ocampo-Berlioz is ineligible for asylum.  *See* 8 U.S.C. § 1158(b)(1)(B)(i).  Because he cannot satisfy the standard to obtain asylum, he cannot satisfy the higher standard to obtain withholding of removal.  *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  Ocampo-Berlioz does not argue that the BIA erred by denying him relief under the CAT and, therefore, has abandoned any CAT challenge, *see Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

PETITION DENIED.